*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-018

JULY TERM, 2014

| | | |
|---|---|---|
| Edward Johnson | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Orleans Unit, |
| | } | Civil Division |
| Andrew Pallito, Vermont Commissioner | } | |
| of the Department of Corrections and | } | |
| Carl Davis, Superintendent of NSCF | } | DOCKET NO. 28/29-11-12 Oscv |

Trial Judge: Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

Plaintiff inmate appeals the superior court's orders granting summary judgment to the State in two consolidated cases in which plaintiff sought judicial review of prison disciplinary violations assessed against him. We affirm.

Following a disciplinary hearing attended by plaintiff, the Department of Corrections (DOC) hearing officer found plaintiff guilty of tampering with a laundry room door lock and possessing an item that posed a danger to the facility. The hearing officer cited disciplinary reports from corrections officers stating that: (1) plaintiff was outside his cell on recreation at the time of the tampering incident; (2) an officer observed plaintiff tampering with a laundry room door lock and called for a cell search; (3) an officer reviewed security camera footage, which showed plaintiff at the laundry door; and (4) a search of plaintiff's cell revealed a sharpened tooth brush attached to the underside of plaintiff's toilet. Plaintiff filed complaints under Vermont Rule of Civil Procedure 75, seeking judicial review of the disciplinary violations. The State filed a motion for summary judgment as to both complaints, to which plaintiff did not respond. The court dismissed the complaints, stating that the facts alleged by the State were not disputed by plaintiff and that the recording of the tampering and the discovery of a shank in plaintiff's cell constituted sufficient evidence to support the disciplinary violations assessed against plaintiff.

On appeal, plaintiff alleges that he was set up and asks this Court to review the camera footage, which he claims would support his denial of having tampered with the lock. He further points out that the shank found in his cell could have been placed there by a prior inmate. We discern no basis to disturb the superior court's judgment. The court did not err in considering the State's unopposed assertion of facts undisputed in addressing the State's motion for summary judgment. See V.R.C.P. 56(e)(2) (providing that if party fails to address another party's assertion of fact, the court may "consider the fact undisputed for purposes of the [summary judgment] motion"). Those facts easily satisfied the standard of review in cases involving challenges to disciplinary violations—whether there was "some evidence" to uphold the conviction. See King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220 ("The 'some evidence' standard requires us to determine whether there is any evidence in the record that could support the

conclusion reached by the disciplinary board."). This standard assures that "we will not interfere with the DOC's determinations absent a showing that the DOC clearly and arbitrarily abused its authority." Id.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice